NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 21 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MATTHEW VEAL, XIANGHONG DING,
and ZHENBIN CHEN,

Plaintiffs-Appellants,

v.

LENDINGCLUB CORPORATION,
SCOTT SANBORN, BRADLEY
COLEMAN, and THOMAS W. CASEY

Defendants-Appellees.

No.        20-16603

D.C. No.  5:18-cv-2599-BLF

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Argued and Submitted September 2, 2021
Seattle, Washington

Before:  McKEOWN and GOULD, Circuit Judges, and RAKOFF,** District Judge.

Plaintiffs appeal the district court's dismissal of their Second Amended

Complaint (SAC) for failure to adequately plead falsity and scienter in securities

_____

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

fraud claims regarding the allegedly misleading disclosure of a Federal Trade Commission (FTC) inquiry beginning in May 2016.[1] *See Veal v. LendingClub Corp.*, 2020 WL 3128909 (N.D. Cal. June 12, 2020). Specifically, Plaintiffs allege that Defendants made various statements to investors between August 2016 and the end of 2017 that misled shareholders regarding the subject matter of an FTC investigation. The FTC investigation concerned alleged deception of *borrowers* regarding hidden loan origination fees. Defendants, however, disclosed the investigation by inserting a non-particularized disclosure of the fact of an FTC inquiry into a discussion of other regulatory inquiries being conducted by the U.S. Department of Justice (DOJ) and the Securities and Exchange Commission (SEC) regarding deceptive practices in the company's dealings with *investors* in loans originated through the LendingClub platform. This, Plaintiffs maintain, materially concealed the true scope of the legal risks facing LendingClub, because borrower origination fees provided nearly 80% of the company's revenues.

We affirm the district court's dismissal of the complaint for failure to adequately plead scienter. To state a claim for securities fraud under the Private Securities Litigation Reform Act (PSLRA), the complaint, through particularized

---

[1] The Court hereby presumes the Parties' familiarity with the facts and procedural history of this case and discusses only those facts relevant to deciding this appeal.

allegations of specific facts, "must raise a 'strong inference' of scienter—*i.e.*, a strong inference that the defendant acted with an intent to deceive, manipulate, or defraud." *Meltzer Inv. GMBH v. Corinthian Colleges Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).[2] "A complaint will survive . . . only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 324 (2007).

As the district court correctly held, nowhere in the SAC do Plaintiffs plausibly allege with particularity that Defendants knew the focus of the FTC's investigation at the time the challenged statements were made, let alone that they sought to hide that focus from shareholders. Plaintiffs do allege that Defendants were independently aware of potentially deceptive practices related to their borrower origination fee policies prior to the existence of the FTC's inquiries. But this says nothing about their knowledge of the focus of the FTC's inquiry, nor anything about their intent in simply adding disclosure that there was an FTC inquiry to the more particularized discussion of the previously disclosed DOJ and SEC investigations and the company's own internal review of investor-related issues.

---

[2] Unless otherwise specified, all internal quotation marks, citations, emphases, and alterations are omitted from all sources cited herein.

The SAC does offer some conclusory assertions to the effect that "[n]o question exists that [Defendants] knew of the FTC's thrust," and Plaintiffs continue to insist that the Defendants "knew all along" what issues the FTC was investigating. But it is well settled that conclusory allegations do not suffice to state a claim and are "not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). As the district court correctly held, knowledge of problems within a company does not necessarily imply awareness of a government agency's investigation of that particular issue.

Plaintiffs belatedly argue that the FTC Civil Investigative Demand (CID) that initiated the FTC inquiry informed Defendants about the FTC's investigatory focus. This might possibly have supported scienter had there been any basis for its consideration. But this argument cannot save the SAC for two, independent reasons. First, this argument debuts in Plaintiffs' reply brief on appeal. "It is well established in this circuit that the general rule is that appellants cannot raise a new issue for the first time in their reply briefs." *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990). Second, and more fundamentally, this CID-notice theory is not grounded in the SAC itself. Plaintiffs' reply brief seeks judicial notice of various pages from the FTC website, but it fails to cite any particularized allegation in the SAC to which such notice would relate. Nor could Plaintiffs' counsel identify a single such

allegation from the SAC when asked directly at argument. Accordingly, Plaintiffs cannot obtain reversal on their late-breaking CID-notice theory.

Finally, since none of the allegations individually establishes the strong inference of scienter the PLSRA requires, we must also "assess all the allegations holistically" and ask: "When the allegations are accepted as true and taken collectively, would a reasonable person deem the inference of scienter at least as strong as any opposing inference?" *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1056 (9th Cir. 2014). In this respect, we conclude, as the district court did, that Plaintiffs' case for scienter is even weaker on a holistic basis. It is undisputed that none of the individual Defendants sold any stock during the period of the alleged fraud, and two of them (Sanborn and Casey) purchased LendingClub stock during the class period. We have previously held that "a lack of stock sales can detract from a scienter finding" on a holistic inquiry, and where "rather than selling shares, [defendants] purchased additional stock during the Class Period," that instead "support[s] an inference of innocence." *Webb v. Solarcity Corp.*, 884 F.3d 844, 856 (9th Cir. 2018). So too, here.

We have considered Plaintiffs' other arguments and find them without merit.

The district court's dismissal of the SAC is therefore **AFFIRMED.**